```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

SHANE E. RITTMILLER,              )
                                  )
            Petitioner,           )
                                  )
       v.                         )
                                  )    C.A. No. 05-10587-PBS
                                  )
EASTERN HAMPSHIRE DISTRICT        )
COURT,                            )
                                  )
            Respondent.           )
```

ORDER OF DISMISSAL

For the reasons stated below, the Court dismisses as moot the present action and denies as moot the petitioner's application to proceed in forma pauperis.

On February 27, 2005, petitioner Shane E. Rittmiller, then in custody at the Hampshire County Jail and House of Corrections in Northampton, Massachusetts, filed a pleading captioned as a petition for habeas relief under 28 U.S.C. § 2254 in the United States District Court for the Northern District of New York. Because Rittmiller was challenging a criminal proceeding in Hadley, Massachusetts, the Northern District of New York transferred the case to this Court.

The present action is duplicative of another § 2254 petition Rittmiller filed with this Court on November 30, 2004. See Rittmiller v. Eastern Hampshire District Ct., C.A. No. 04-30244-MAP (D. Mass.).[1]  In both petitions, Rittmiller indicated that,

---

[1] In a one-page order dated December 10, 2004, Judge Ponsor dismissed Rittmiller's earlier petition, stating, "To the extent that the court is able to discern the issue being raised, the

at the time he filed the petitions, he had not yet been convicted or acquitted of the charge he was contesting.

The Court has recently been informed that, in May 2005, Rittmiller was acquitted of the criminal charge at issue in his petitions and released from the Hampshire County Jail and House of Corrections.  Rittmiller's acquittal and release moot his request for habeas relief:  "A habeas petition will become moot once [a] prisoner is released from custody unless the petitioner can show some sufficient collateral consequence of the underlying proceeding."  Leitao v. Reno, 311 F.3d 453, 455 (1st Cir. 2002) (citing Spencer v Kemna, 523 U.S. 1, 7 (1998)); see also Britt v. McKenney, 529 F.2d 44, 46 n.2 (1st Cir. 1976) ("Although the two acquitted plaintiffs were incarcerated for want of bail, awaiting trial, when the action was brought, their claim is mooted even if regarded as a habeas proceeding, since there is no present custody, or conviction.").  Here, the Court cannot imagine any collateral consequences of legal significance that flow from the petitioner's pre-acquittal detention.  See Arnold v. Panora, 593 F.2d 161, 163 (1st Cir. 1979) ("Here the possibility of any adverse [l]egal [collateral] consequences is precluded by the fact that Arnold had been found not guilty by the state court.").

Accordingly, the Court dismisses this action as moot and

---

petitioner is manifestly not entitled to relief pursuant to 28 U.S.C. § 2254."

denies as moot the petitioner's application to proceed <u>in forma pauperis</u>.

In the event that the information the Court received concerning Rittmiller's acquittal and release (from the custody he contested in his petition) is inaccurate, the petitioner may, within forty-two (42) days of the date of this order, file a motion under Fed. R. Civ. P. 60(b)(6) for relief from judgment.

SO ORDERED

```
  8/1/05                           /s/ Patti B. Saris
DATE                            UNITED STATES DISTRICT JUDGE
```