September 30, 2005

First Circuit Appeal Court (1 Courthouse Way, Boston, Massachusetts, 02210):

     This is Inmate Shane E. Rittmiller at Hampshire County Jail House of Correction (H.J.H.C.) in Northampton, Massachusetts. On November twenty-six two thousand three, I was taken out of H.J.H.C. and transported to Eastern Hampshire District Court in Hadley, Massachusetts, to answer the charge of Nonny Burack's property which was recovered in Petersburgh, New York, on Saturday June seventh two thousand three by the Rensselaer County Sheriffs Office (RCSO) or New York Highway Patrol, I believe it was RCSO; moreover, Deputy Anthony D'Agastino (property: nineteen ninety-seven Ford Escort). I submitted an application to United States District Court, Northern District of New York, for a writ of habeas corpus relief here in Hampshire County Jail House of Correction on February third two thousand five. February seven two thousand five, James (John) Hanley Federal Courthouse Building in Syracuse, New York, filed "Rittmiller v. Eastern Hampshire District Court," Civil Case Number 9:05-cv-0170, David N. Hurd & Gustave J. DiBianco (district judge, magistrate judge) was assigned 9:05-cv-0170.

     May nineteen two thousand five, Judge Gustave J. DiBianco signed an order to return 9:05-cv-0170 to District of Massachusetts (federal court) which Springfield's federal district court (United States) dismissed originally on December ten two thousand four, Civil Action Number 04-30244-MAP, by Judge Michael Ponsor, Ponsor's "Dismissal" is false, I believe anyway. Dated August one two thousand five, I receive another false statement from District of Massachusetts but I believe Boston's federal courthouse sent August one two thousand five's correspondence. United States District Court Judge Patti B. Saris dismisses Northern District of New York's 9:05-cv-0170 which was transferred by Judge Gustave J. DiBianco approximately on May nineteen two thousand five, or abouts. "Dismissal" by Judge Patti B. Saris on August one two thousand five, discussed the court was recently informed that my release in May two thousand five enabled Patti Saris to decide I am not eligible for release at Hampshire County Jail House of Correction, however, I am not released to this writing to the First Circuit Court of Appeals, a false statement. Judge Patti B. Saris' case number, 1:05-cv-10587.

     I believe that some serious inquiries should be raised about Eastern Hampshire District Court in Hadley, Massachusetts. I have in my custody Report 03-3439 and Report 03-3439's reporting officer(s) are Identification Number(s) 2023 & 2024, highway patrol for New York. May two two thousand five, I appeared in Eastern Hampshire District Court for a jury trial on Docket Number 0398CR514, Nonny Burack's property recovered in Petersburgh, New York, on June seven two thousand three, by either ID 2023 or ID 2024, Anthony's badge number, one anyway. Note: May two two thousand five's jury trial on Docket Number 0398CR514, Deputy Anthony D'Agastino was in the Eastern Hampshire District Courtroom (RCSO's reporting officer). I am writing to the appeals court because I believe I am being deprived of justice on my original submission of a writ of habeas corpus petition sent to U.S. District Court in Springfield, Massachusetts, 04-30244-MAP, Judge Michael Ponsor's case, from Hampshire County Jail House of Correction in Northampton, Massachusetts (205 Rocky Hill Road, Northampton, Massachusetts, 01061). Please send me an application to appeal Judge Patti B. Saris' "Dismissal" to H.J.H.C. listed address in Northampton.

*Shane Rittmiller*

Shane E. Rittmiller, inmate H.J.H.C.

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District _Western Massachusetts_ |
|---|---|
| Name _Shane Rittmiller_ | Prisoner No. _1187_ (_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_) S.S.N# Case No. _0398CR-14_ |

Place of Confinement _Hampshire County Jail House of Corrections, 205 Rocky Hill Road, Northampton, Mass 01061_

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| _Shane Eugene Rittmiller_ | v. _Eastern Hampshire District Court, Hadley, Massachusetts_ |

The Attorney General of the State of:

## PETITION

1. Name and location of court which entered the judgment of conviction under attack _Eastern Hampshire District Court, 116 Russell Street, Hadley, Massachusetts; 01035_

2. Date of judgment of conviction ~~Nov 26, 2003~~ _December 8, 2004_

3. Length of sentence _Open_

4. Nature of offense involved (all counts) _266/28/B Motor vehicle (larceny)_

5. What was your plea? (Check one)
   (a) Not guilty ☑
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐   n/a
   (b) Judge only ☐

7. Did you testify at the trial?   n/a
   Yes ☐   No ☐

8. Did you appeal from the judgment of conviction?   n/a
   Yes ☐   No ☐

(2)

AO 241    (Rev. 5/85)

_____

_____

_____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐  No ☐

    (5) Result _____

    (6) Date of result _____

(b) As to any second petition, application or motion give the same information:

    (1) Name of court _____

    (2) Name of proceeding _____

_____

    (3) Grounds raised _____

_____

_____

_____

_____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐  No ☐

    (5) Result _____

    (6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☐  No ☐
    (2) Second petition, etc.    Yes ☐  No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241 (Rev. 5/85)

C. Ground three: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

D. Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____
12A on Incident Number 03-3439 is being prosecuted at Eastern Hampshire District Court in Hadley for Docket Number 0398CR514 on Nonny Burack's property for the first court hearing.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐   No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing Attorney Alfred P. Chamberland, 9 Campus Lane, P.O. Box 217, Easthampton, Mass. 01027; Atty. Susan L. Miles, 77 Pleasant St, P.O. Box 210, Northampton, Mass. 01061; Atty. Daniel M. Sandell, see Atty. Sandell's address at (b).
(b) At arraignment and plea Attorney Daniel M. Sandell, 150 Fearing St., Suite 15, Amherst, Mass.

(6)

0:002

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHANE E. RITTMILLER,                )
         Petitioner                 )
                                    )
         v.                         )    CIVIL ACTION NO.  04-30244-MAP
                                    )
EASTERN HAMPSHIRE DISTRICT CT,)
         Respondent                 )

ORDER OF DISMISSAL
PURSUANT TO 28 U.S.C. § 1915

December 10, 2004

PONSOR, D.J.

   The petitioner has filed what purports to be a petition pursuant to 28 U.S.C. § 2254, along with an application to proceed in forma pauperis. In view of the petitioner's financial state, the petition to proceed without payment of fees is hereby ALLOWED. However, pursuant to the court's authority under 28 U.S.C. § 1915(e)(2)(B), the petition in this matter is hereby ordered DISMISSED for failure to state a claim upon which relief may be granted. To the extent that the court is able to discern the issue being raised, the petitioner is manifestly not entitled to relief pursuant to 28 U.S.C. § 2254.

   Based on the foregoing, the petition is hereby ordered DISMISSED. This case can now be closed.

   It is So Ordered.

                              /s/ Michael A. Ponsor
                              MICHAEL A. PONSOR
                              U. S. District Judge

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FILED
MAY 19 2005
AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Syracuse

LAWRENCE K. BAERMAN
CLERK

JAMES HANLEY FEDERAL BUILDING
100 S. CLINTON STREET
P.O. BOX 7367
SYRACUSE, NEW YORK 13261-7367
(315)234-8500

To:   Shane Rittmiller, Petitioner *pro se*          Case Number: 9:05-CV-0170 (DNH/GJD)

**ORDERED** that the enclosed paper(s) in the above-entitled action have been rejected and returned herewith by the Court, for the following reason(s) checked below. Please read this list carefully to correct the mistakes in your papers.

[ ]   An unsigned copy of the proposed amended pleading must be attached to a motion brought under Rules 14, 15 and 19-22 of the Federal Rules of Civil Procedure. See Local Rule 7.1(a)(4).

[ ]   Discovery materials are not filed with the clerk unless specifically directed by the court, or when submitted in support of a motion filed pursuant to Rule 37 of the Federal Rules of Civil Procedure. See Local Rule 26.2.

[ ]   Papers cannot be filed without some indication that they have been served on your opponent(s) or their attorney(s). See Local Rule 5.1(a). This office **will not** forward copies of your papers to your defendants or their counsel.

[X]   **Your letter dated April 22, 2005, regarding the above action, is hereby rejected. This action was transferred to the District of Massachusetts by Order filed March 8, 2005. Any further submissions must be made to that district.**

**IT IS SO ORDERED.**

Dated: May 19, 2005

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge

Note:   A copy of this Order has been served upon the parties to this action.

rjb

## Other Orders/Judgments
1:05-cv-10587-PBS Rittmiller v. Eastern Hampshire District Court

**United States District Court**

**District of Massachusetts**

Notice of Electronic Filing

The following transaction was received from PSSA3, entered on 8/2/2005 at 10:21 AM EDT and filed on 8/2/2005

**Case Name:** Rittmiller v. Eastern Hampshire District Court
**Case Number:** 1:05-cv-10587
**Filer:**
**WARNING: CASE CLOSED on 08/02/2005**
**Document Number:** 6

**Docket Text:**
Judge Patti B. Saris : ORDER entered. ORDER DISMISSING CASE. In accordance with the Memorandum and Order dated August 1, 2005, dismissing this action for the reasons stated therein, it is hereby ORDERED that the above-captioned matter is dismissed in its entirety.(PSSA3, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=8/2/2005] [FileNumber=1072867-0]
[1472213410cdbe93fe1ae64fe049ed4481b25764c5164d9a297b3964f2c64c8a71fe
ec408a52bf2102a2def30fdfe68031439dae45b2369e530f720c41edf223]]

**1:05-cv-10587 Notice will be electronically mailed to:**

**1:05-cv-10587 Notice will not be electronically mailed to:**

Shane Rittmiller
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
Hampshire County House of Correction
205 Rocky Hill Rd.
Northampton, MA 01061

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHANE E. RITTMILLER,<br><br>        Petitioner,<br><br>        v.<br><br>EASTERN HAMPSHIRE DISTRICT<br>COURT,<br><br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)   C.A. No. 05-10587-PBS<br>)<br>)<br>)<br>)<br>) |

ORDER OF DISMISSAL

For the reasons stated below, the Court dismisses as moot the present action and denies as moot the petitioner's application to proceed in forma pauperis.

On February 27, 2005, petitioner Shane E. Rittmiller, then in custody at the Hampshire County Jail and House of Corrections in Northampton, Massachusetts, filed a pleading captioned as a petition for habeas relief under 28 U.S.C. § 2254 in the United States District Court for the Northern District of New York. Because Rittmiller was challenging a criminal proceeding in Hadley, Massachusetts, the Northern District of New York transferred the case to this Court.

The present action is duplicative of another § 2254 petition Rittmiller filed with this Court on November 30, 2004. See Rittmiller v. Eastern Hampshire District Ct., C.A. No. 04-30244-MAP (D. Mass.).[1] In both petitions, Rittmiller indicated that,

---

[1] In a one-page order dated December 10, 2004, Judge Ponsor dismissed Rittmiller's earlier petition, stating, "To the extent that the court is able to discern the issue being raised, the

at the time he filed the petitions, he had not yet been convicted or acquitted of the charge he was contesting.

The Court has recently been informed that, in May 2005, Rittmiller was acquitted of the criminal charge at issue in his petitions and released from the Hampshire County Jail and House of Corrections.  Rittmiller's acquittal and release moot his request for habeas relief:  "A habeas petition will become moot once [a] prisoner is released from custody unless the petitioner can show some sufficient collateral consequence of the underlying proceeding."  Leitao v. Reno, 311 F.3d 453, 455 (1st Cir. 2002) (citing Spencer v Kemna, 523 U.S. 1, 7 (1998)); see also Britt v. McKenney, 529 F.2d 44, 46 n.2 (1st Cir. 1976) ("Although the two acquitted plaintiffs were incarcerated for want of bail, awaiting trial, when the action was brought, their claim is mooted even if regarded as a habeas proceeding, since there is no present custody, or conviction.").  Here, the Court cannot imagine any collateral consequences of legal significance that flow from the petitioner's pre-acquittal detention.  See Arnold v. Panora, 593 F.2d 161, 163 (1st Cir. 1979) ("Here the possibility of any adverse [l]egal [collateral] consequences is precluded by the fact that Arnold had been found not guilty by the state court.").

Accordingly, the Court dismisses this action as moot and

---

petitioner is manifestly not entitled to relief pursuant to 28 U.S.C. § 2254."

2

denies as moot the petitioner's application to proceed <u>in forma pauperis</u>.

In the event that the information the Court received concerning Rittmiller's acquittal and release (from the custody he contested in his petition) is inaccurate, the petitioner may, within forty-two (42) days of the date of this order, file a motion under Fed. R. Civ. P. 60(b)(6) for relief from judgment.

SO ORDERED

<u>  8/1/05  </u>                     <u>/s/ Patti B. Saris  </u>
DATE                                UNITED STATES DISTRICT JUDGE

3